Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com

Jennifer L. Braster, Nevada Bar No. 9982
**NAYLOR & BRASTER**
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com

*Counsel for Plaintiff, Gary Miller*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GARY MILLER, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>NYE COUNTY, Nevada, a political subdivision of the State of Nevada and doing business as the Nye County Sheriff's Office and Nye County Animal Control; and DEPUTY JOHN TOLLE, individually and in his official capacity as a Nye County Police Officer;<br><br>        Defendants. | **Case. No.: 2:19-cv-00601-JAD-DJA**<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT** |

Plaintiff Gary Miller and Defendants Nye County and Deputy John Tolle, by and through their respective counsel of record, hereby agree and stipulate to the filing of the First Amended Complaint attached hereto as Exhibit 1. The First Amended Complaint corrects a typographical error regarding the date of the incident. Further, to the extent any discovery requests identify an incident date other than April 10, 2017, it will be presumed

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

that the date was a typographical error and the date should be April 10, 2017.

This stipulation is not sought for any improper purpose or other purpose of delay but rather to correct a typographical error.

DATED this 24th day of September 2019.

MARQUIS AURBACH COFFING

/s/ James A. Beckstrom
Craig R. Anderson, NBN 6882
James A. Beckstrom, NBN 14032
10001 Park Run Drive
Las Vegas, NV 89145

*Attorneys for Defendants*

DATED this 24th day of September 2019.

MCLETCHIE SHELL LLC

/s/ Jennifer L. Braster
Margaret A. McLetchie, NBN 10931
Alina M. Shell, NBN 11711
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
and

NAYLOR & BRASTER
Jennifer L. Braster, NBN 9982
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff*

## **ORDER**

IT IS SO ORDERED.
IT IS FURTHER ORDERED that Plaintiff shall file and serve Amended Complaint pursuant to LR 15-1.

Dated this 25th day of September, 2019.

_____
Daniel J. Albregts
United States Magistrate Judge

# EXHIBIT 1 –

# Proposed First Amended Complaint

Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com

Jennifer L. Braster, Nevada Bar No. 9982
**NAYLOR & BRASTER**
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com

*Counsel for Plaintiff, Gary Miller*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GARY MILLER, an individual,

Plaintiff,

vs.

NYE COUNTY, Nevada, a political subdivision of the State of Nevada and doing business as the Nye County Sheriff's Office and Nye County Animal Control; and DEPUTY JOHN TOLLE, individually and in his official capacity as a Nye County Police Officer;

Defendants.

**Case. No.: 2:19-cv-00601-JAD-DJA**

**FIRST AMENDED COMPLAINT**

**[JURY TRIAL DEMANDED]**

Plaintiff GARY MILLER, an individual, files this Complaint for damages pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), and 28 U.S.C. § 2201 (creation of remedy).

**NATURE OF THE ACTION**

On April 10, 2017, a deputy with the Nye County Sheriff's Office shot Plaintiff Gary Miller's six-year-old pet dog Blu in the head during a response to a false burglar alarm at Mr. Miller's residence. After shooting Blu, the deputy and other responding officers from the Nye County Sheriff's Office exhibited callous disregard for the trauma Mr. Miller experienced as a result of the unlawful shooting. Then, after picking up Blu from Mr. Miller's residence, Nye County Animal Control destroyed Blu's body without notifying or obtaining consent from Mr. Miller.

This is an action under 42 U.S.C. § 1983 seeking to address: (1) the violations of Plaintiff Gary Miller's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution that Defendants are responsible for; and (2) unlawful policies and practices of permitting officers to shoot pet dogs even though there are no reasonable justifications to shoot the dogs and no exigent circumstances exist.

This action also seeks to address Plaintiff's several state tort claims against Defendants for negligent training, supervision, and retention, as well as intentional and negligent infliction of emotional distress. This court has supplemental jurisdiction over the state law claims.

Plaintiff is entitled to damages, costs, and attorney's fees, punitive damages, and any other relief as a victim of a civil rights violation and of tort damages.

**JURISDICTION AND VENUE**

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, et seq. for civil claims arising under the Constitution and laws of the United States. Pursuant to § 1331, this Court has original subject matter jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1983.

2.     This Court has jurisdiction over claims arising under the laws of the State of Nevada pursuant to supplemental jurisdiction provided for by 28 U.S.C. § 1367(a).

3.     The prayer for relief is predicated on 28 U.S.C. § 2201 and Fed. R. Civ. P. 38. This Court has jurisdiction to award Plaintiff damages pursuant to 42 U.S.C. § 1983 and

2

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

1  Nev. Rev. Stat. 41.130. Authorization for the request of attorneys' fees and costs is

2  conferred by 42 U.S.C. § 1988(b).

3        4.      Each of the Defendants acted, purported to act, and/or pretended to act in

4  the performance of their official duties, and thus each of the Defendants acted under color

5  of law and are subject to liability as state actors pursuant to 42 U.S.C. § 1983. *See McDade*

6  *v. West,* 223 F.3d 1135, 1140 (9th Cir. 2000).

7        5.      Because Defendants are not arms of the State this suit is not barred by the

8  Eleventh Amendment to the U.S. Constitution. *See Eason v. Clark County School*, 303 F.3d

9  1137, 1147 (9th Cir. 2002); *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th

10  Cir. 1999).

11        6.      The acts or omissions giving rise to the Plaintiff's claims all occurred in

12  Nye County, Nevada and all parties reside or operate in Nye County, Nevada. Thus,

13  pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the United States

14  District Court for the District of Nevada.

15  <u>**PARTIES**</u>

16        7.      During all times relevant herein, Plaintiff Gary Miller is a United States

17  citizen who resides in Nye County, Nevada. Mr. Miller was the owner of a pet dog named

18  Blu.

19        8.      Defendant Nye County is a political subdivision of the State of Nevada.

20        9.      At all times, Defendant Nye County possessed the power and authority to

21  adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of

22  the training, supervision, control, employment, assignment, and removal of individual

23  members of Nye County Sheriff's Office (hereinafter "NCSO").

24        10.      NCSO is a law enforcement agency for Nye County, Nevada with

25  jurisdiction over Nye County, Nevada, and is tasked with enforcing state, federal, and local

26  laws.

27        11.      Defendant John Tolle ("Defendant Tolle"), a deputy with NCSO, shot and

28  killed Blu while responding to a false residential alarm. Defendant Tolle violated Mr.

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

Miller's Fourth and Fourteenth Amendment rights by shooting and killing Blu while responding to a false residential alarm. This constituted an unreasonable seizure of Plaintiff Miller's property.

12.     At all times, Defendant Nye County possessed the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the operation of Nye County Animal Control. Nye County is also responsible for the day-to-day operations of the Nye County Animal Shelter located at 20 Goldfinch Lane, Tonopah, Nevada 89049.

13.     Nye County Animal Control provides enforcement of state and local laws pertaining to animal welfare, public health and safety, rabies control, quarantine, animal cruelty investigations, barking dogs, and animals-at-large.

14.     Nye County Animal Control destroyed the corpse of Mr. Miller's pet dog, Blu, without informing Mr. Miller or obtaining his consent. This constituted an unreasonable seizure of Plaintiff Miller's property and conversion.

15.     Upon information and belief, Defendant NCSO is aware of and either explicitly or implicitly condoned or created a policy and practice of allowing NCSO deputies under its command to kill the pet dogs when responding to calls for service. These killings constitute a destruction of property that is not reasonably necessary to effectuate the performance of law enforcement officers' duties in executing search warrants, and thus routinely violate victims' Fourth and Fourteenth Amendment rights.

16.     The naming of Defendants herein is based upon information and belief. Plaintiff reserves his right to name additional defendants and modify their allegations concerning defendants named herein. Plaintiff further reserves his right to amend these allegations to identify by name any other person or persons he learns has responsibility for the killing of his pet dog or other wrongful acted detailed in this Complaint.

/ / /

/ / /

/ / /

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

**STANDING**

17.     Plaintiff was directly affected and injured by Defendants' actions, as well as their practices and policies of violating the constitutional rights of Plaintiff, as set forth more fully herein, and/or other abuses by Defendants operating under color of law as alleged herein.

18.     An actual case and controversy exists between Plaintiff and Defendants concerning their respective rights, privileges, and obligations.

**FACTUAL ALLEGATIONS**

***Residence of Plaintiff Miller***

19.     At all times relevant to this action, Mr. Miller and his pet dog Blu resided at 2780 Our Road, Pahrump, Nevada 89060.

20.     At all times relevant to this action, Mr. Miller had a large chain-link fence surrounding the entirety of his property, with three gates for ingress and egress, including a gate near the front door of Mr. Miller's residence. The three access gates to Mr. Miller's property were kept closed at all times.

21.     At all times relevant to this action, there was a concrete path leading from the rear of the property to the front door of Mr. Miller's residence.

22.     At all times relevant to this action, Mr. Miller's residence was equipped with a silent alarm system that was monitored by Pahrump Central Security, a private alarm company.

23.     At all times relevant to this action, Mr. Miller possessed a remote for the silent alarm system which has a "panic button" that he kept on a key fob.

24.     Upon information and belief, when the panic button on the remote for the silent alarm system is activated, Pahrump Central Security contacts NCSO dispatchers.

***Plaintiff Miller's Pet Dog***

25.     At all times relevant to this action, Mr. Miller was the owner of Blu, a six-year-old male pit bull-type dog.

26.     Mr. Miller adopted Blu when Blu was approximately five weeks old.

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

27.     During the six years that Mr. Miller owned Blu, Blu had never shown any type of aggression towards humans.

28.     Indeed, Blu was very friendly with humans. Mr. Miller, a power lifter, often invited people over to his residence to train them in a home gym he has on the property. Blu was friendly with every person who came to Mr. Miller's house to train.

29.     Upon information and belief, and the time he was shot by Defendant Tolle, Blu was up-to-date on all his vaccinations.

### *Defendant Tolle Shoots and Kills Blu on April 10, 2017*

30.     At or around 4:00 p.m. on April 10, 2017, Mr. Miller was sitting on a couch inside his residence. Unbeknownst to Mr. Miller, while he was sitting on his couch inside his residence, he sat on the remote for the alarm system which was attached to his key fob, activating the panic button and triggering the silent alarm.

31.     At approximately 4:23 p.m., after Mr. Miller accidentally activated the panic button on his silent alarm remote, an employee of Pahrump Central Security contacted NCSO dispatchers to report the activation of the silent alarm at Mr. Miller's residence.

32.     After receiving the call from Pahrump Central Security, NCSO dispatched Defendant Tolle to Mr. Miller's residence to investigate the activated silent alarm.

33.     After calling NCSO dispatchers, an employee of Pahrump Central Security contacted Mr. Miller to notify him that the silent alarm to his residence had been triggered and that Pahrump Central Security had contacted NCSO.

34.     Mr. Miller informed the Pahrump Central Security employee that the triggering of the silent alarm was accidental and provided an "abort code" to cancel the alarm.

35.     Upon information and belief, an employee of Pahrump Central Security then contacted NCSO dispatch and informed a dispatcher that the silent alarm was a false alarm.

36.     The NCSO dispatcher responded that she would inform the unit in route of the false alarm.

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

37.     At all times relevant to this action, Defendant Tolle was wearing a body-worn camera.

38.     Upon information and belief, prior to his arrival at Mr. Miller's residence, Defendant Tolle activated his body-worn camera to record his actions.

39.     Upon information and belief, as Deputy Tolle was driving to Mr. Miller's residence, he was agitated and cursing at other drivers.

40.     At the time Defendant Tolle arrived at Mr. Miller's residence, the access gates to the fence surrounding Mr. Miller's residence were closed.

41.     At the time of Defendant Tolle's arrival at Mr. Miller's property, Blu was behind Mr. Miller's residence.

42.     Defendant Tolle entered Mr. Miller's property by opening the access gate near the front of Mr. Miller's residence.

43.     As Defendant Tolle began walking on the path leading to the front door of Mr. Miller's residence, Blu, who was still at the rear of the residence, began barking.

44.     Before Defendant Tolle saw Blu, he started talking to himself, saying, "Oh, don't be mean. Don't be vicious."

45.     Defendant Tolle then knocked on the front door of Mr. Miller's residence. As he did so, Blu continued to bark and came around the side of the house.

46.     Defendant Tolle then began talking to Blu, and said "Oh, don't do it doggy. Don't do it, doggy. Stop it. Stop it" in a low, monotone voice.

47.     When Blu was approximately ten feet away from Defendant Tolle, Defendant Tolle shot at Blu using his service weapon.

48.     Defendant Tolle fired his weapon at Blu a total of four times. The first two shots missed Blu, and Blu turned to his right, away from Defendant Tolle. Defendant Tolle then shot Blu once in the side of his head as he was facing away from Defendant Tolle.

49.     Approximately 12 seconds elapsed between the first time Blu barked and when Defendant Tolle shot him.

50.     Defendant Tolle then notified NCSO that he had discharged his firearm.

7

51.     Upon information and belief, Blu did not immediately die as a result of his gunshot wound.

52.     Immediately after Defendant Tolle shot Blu, Mr. Miller exited the front door of his residence.

53.     Mr. Miller, upset and confused, immediately asked Defendant Tolle if he had shot Blu.

54.     Defendant Tolle responded that Blu was attacking him and that Blu was barking and growling at him.

55.     Shortly after Defendant Tolle shot Blu, NCSO Sergeant Gregory Deutch arrived at Mr. Miller's property in a marked patrol vehicle.

56.     Upon the arrival of Sergeant Deutch, Defendant Tolle exited Mr. Miller's property, approached Sergeant Deutch's patrol vehicle, and began discussing the shooting.

57.     During their conversation, Defendant Tolle claimed that Blu had tried to attack him.

58.     Sergeant Deutch said that he had met Mr. Miller before, and that Mr. Miller was "kind of an asshole sometimes." Defendant Tolle responded, "Especially when I shoot his dog he is."

59.     A NCSO detective arrived at Mr. Miller's residence in an unmarked vehicle. Defendant Tolle approached the detective in the unmarked patrol vehicle and reiterated his claim that Blu had tried to attack him, stating that Blu was "snarling and generally trying to attack me."

60.     Defendant Tolle and Sergeant Deutch exhibited extreme disregard for Mr. Miller's distress by joking about Blu's death. Sergeant Deutch jokingly stated "He dead. That dog dead. He dead a couple ways from Sunday," eliciting a laugh from Defendant Tolle.

61.     Sergeant Deutch then told Defendant Tolle that he would need to fill out a use of force report and speak to his union representative and walked back toward Mr. Miller's property.

8

62.     The NCSO detective in the unmarked vehicle expressed incredulity that Defendant Tolle would have to fill out a use of force report, and Defendant Tolle responded, "Yeah, maybe I'll get some time off now" and began laughing. Defendant Tolle then said, "This is why I can't deal with dog lovers. It's a dog. It's [sic] did its job, it was protecting your house, I understand that, but it is what it is."

63.     Meanwhile, Mr. Miller asked the assembled NCSO personnel if any of them were going to do anything to help Blu, who was still alive and bleeding. Sergeant Deutch responded that he had called Animal Control. While the NCSO personnel were laughing and joking about shooting Blu, Mr. Miller was left watching his dog suffer.

***Animal Control Takes Blu***

64.     While Defendant Tolle was having a laugh about his anticipated administrative leave following his shooting of Blu, Nye County Animal Control Officer Levi Gregory arrived at Mr. Miller's property.

65.     Mr. Miller helped Officer Gregory load Blu, who was still alive, into Officer Gregory's vehicle.

66.     Officer Gregory told Mr. Miller that he was going to take Blu to the Nye County Animal Shelter, and further told Mr. Miller that he was meeting a veterinarian at the shelter.

67.     Upon information and belief, Officer Gregory removed Blu from the residence and transported him to the Nye County Animal Shelter, located at 20 Goldfinch Lane, Tonopah, Nevada 89049.

68.     Sometime after Officer Gregory removed Blu from Mr. Miller's residence, Blu died from the gunshot wound to his head.

69.     Upon information and belief, Nye County Animal Control should have put a hold on Blu's body pending an investigation by NCSO into Defendant Tolle's use of deadly force.

70.     Upon information and belief, the Nye County Animal Shelter failed to place a hold on Blu's body.

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

71.     For approximately three days after the April 10, 2017 shooting of Blu, Mr. Miller repeatedly contacted the Nye County Animal Shelter to determine if Blu was alive. After several phone calls to the shelter and to NCSO's Internal Affairs Bureau, Mr. Miller learned that Blu had died and that the Nye County Animal Shelter had cremated Blu's body.

72.     Mr. Miller had not authorized the cremation of Blu's body.

73.     Nine days after Blu's cremation, Officer Gregory traveled to Mr. Miller's residence and presented Mr. Miller with what was purported to be Blu's cremated remains.

74.     Upon information and belief, the purported remains Officer Gregory presented to Mr. Miller were not Blu's remains.

### *Defendant Nye County Issues a Press Release*

75.     One June 12, 2017, NCSO issued a press release addressing Defendant Tolle's April 10, 2017 shooting of Blu and the subsequent mishandling of Blu's remains. (**Exhibit 1**.)

76.     In that press release, Nye County Sheriff Sharon Wehrly stated that Defendant Tolle "was provided immediate remedial training prior to his return to patrol responsibilities to ensure his interactions with the public and their pets is appropriate" pending the outcome of an Internal Affairs investigation. (*See* **Exhibit 1**.) Thus, NCSO acknowledged through its statements and actions that it had not provided Defendant Tolle with adequate training regarding interacting with pet dogs.

77.     Additionally, the June 12, 2017 press release addressed the improper destruction of Blu's remains, stating that "[t]he Animal Control Officer that was responsible for the handling of [Blu's] remains is on administrative leave pending the outcome of the investigation." (**Exhibit 1**.)

/ / /

/ / /

/ / /

/ / /

/ / /

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(BY GARY MILLER AGAINST DEFENDANT TOLLE)

78.     Plaintiff repeats and re-alleges Paragraphs 1 through 77 as though fully set forth herein.

79.     The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

80.     "[T]he destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure ... in their effects' as does the physical taking of them." *Fuller v. Vines,* 36 F.3d 65, 68 (9th Cir.1994), *overruled on other grounds, Robinson v. Solano County,*278 F.3d 1007, 1013 (9th Cir.2002) (citation omitted). "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983. *Id.*

81.     "Reasonableness is the touchstone of any seizure under the Fourth Amendment." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005). A seizure becomes unreasonable—and thus unlawful—when it is "more intrusive than necessary." *Florida v. Royer*, 460 U.S. 491, 504, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)).

82.     To determine whether the seizure of property was reasonable, courts must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (citation and internal quotation marks omitted).

83.     The killing of a person's dog constitutes an unconstitutional destruction of property absent a sufficiently compelling governmental interest. *Hells Angels*, 402 F.3d at

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220(F)
WWW.NVLITIGATION.COM

977.

84.    In weighing the governmental interests involved, courts must consider, *inter alia*, (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

85.    Moreover, the Fourth Amendment "forbids the killing of a person's dog, or the destruction of a person's property, when that destruction is unnecessary—i.e., when less intrusive, or less destructive, alternatives exist." *Hells Angels*, 402 F.3d at 977-78.

86.    Defendant Tolle acted under color of law, and his actions violated Plaintiff's right against an unreasonable search and seizure as guaranteed by the Fourth Amendment. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution incorporates the Fourth Amendment, protecting the right of an individual to be free from unreasonable searches and seizures of their property by agents of state and local governments.

87.    Plaintiff's rights were, or should have been, known to Defendant Tolle.

88.    Defendant Tolle's shooting and killing of Mr. Miller's pet dog Blu was *per se* unreasonable because exigent circumstances did not exist, and his shooting of Blu was not the least destructive alternative. The callous nature of the shooting and disregard for Blu's life was reflected in Defendant Tolle's attitude and comments.

89.    As a result of the above-described act of killing his pet dog Blu, Plaintiff Miller was deprived of rights and immunities secured to him under the Constitution of and laws of the United States including, but not limited to, his rights under the Fourth and Fourteenth Amendments to be secure in his person, the execution of his animals, to be free from the use of deadly force, to be free from punishment without due process, and to equal protection of the laws.

90.    As a direct and proximate cause of Defendant Tolle's violations of the Fourth Amendment, Plaintiff Miller has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and he is entitled to: declaratory relief against

Defendant; attorneys' fees and costs from Defendant; and monetary, compensatory, and punitive damages from Defendant.

### SECOND CAUSE OF ACTION
#### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES PURSUANT TO 42 U.S.C. § 1983 (BY GARY MILLER AGAINST DEFENDANT NYE COUNTY)

91.     Plaintiff repeats and re-alleges Paragraphs 1 through 90 as though fully set forth herein.

92.     The failure of Defendant Nye County provide adequate training and supervision regarding the lawful use of an officer's service weapon on dogs amounts to deliberate indifference to the safety and Fourth and Fourteenth Amendment rights of the citizens of the Nye County.

93.      The unnecessary shooting and killing of Blu reflects inadequate training and supervision. Defendant Nye County is liable because at all relevant times, the entity is responsible for making and enforcing constitutional policies with respect to officer interactions with citizens in Nye County and it failed to do, as evidenced by the fact that NCSO found it was necessary to provide Defendant Tolle with remedial training after his April 10, 2017 shooting of Blu.

94.     As a direct and proximate cause of Defendant Nye County's deliberate indifference to the safety and constitutional rights of citizens, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against all Defendant Nye County as well as its officers; attorneys' fees and costs from Defendant; and monetary, compensatory, and punitive damages from Defendant Nye County.

/ / /

/ / /

/ / /

/ / /

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

**THIRD CAUSE OF ACTION**
NEGLIGENCE
UNDER NEV. REV. STAT. § 41.0337
(BY GARY MILLER AGAINST DEFENDANT NYE COUNTY)

95.     Plaintiff repeats and re-alleges Paragraphs 1 through 93 as though fully set forth herein.

96.     Defendant Nye County, as the political subdivision of the state responsible for the operations of the Nye County Animal Shelter, has a duty under Nevada law to properly handle the remains of pet dogs in its possession, custody, or control.

97.     Defendant Nye County violated this duty when it destroyed the remains of Plaintiff Miller's deceased pet dog, Blu by cremating Blu's remains without Plaintiff Miller's knowledge or consent.

98.     Defendant Nye County also violated this duty when it misplaced, lost, or destroyed Blu's cremated remains.

99.     Defendant Nye County's breach of this duty inflicted severe emotional distress upon Plaintiff Miller.

100.    As a result of this breach, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against Defendant Nye County; attorneys' fees and costs from Defendant Nye County; and monetary, compensatory, and punitive damages from Defendant Nye County.

**FOURTH CAUSE OF ACTION**
NEGLIGENCE
UNDER NEV. REV. STAT. § 41.0336
(BY GARY MILLER AGAINST ALL DEFENDANTS)

101.    Plaintiff repeats and re-alleges Paragraphs 1 through 100 as though fully set forth herein.

102.    Defendant Nye County and Defendant Tolle have a duty under Nevada law to perform warrantless entries into private property in a reasonable manner that does not lead to the unnecessary death of pet animals.

14

103.     Defendants' breach of this duty inflicted severe emotional distress upon Plaintiff Miller.

104.     Defendant Nye County is liable because Defendant Tolle was at all relevant times in the employ of Defendant Nye County, and Defendant Nye County is responsible for its deputies' conduct. Defendant Tolle was not acting independently, committed the wrongful acts during the course of his official duties as an NCSO deputy, and such actions were reasonably foreseeable where Nye County routinely responds to calls for service at private residences where pet dogs are present.

105.     As a result of this breach, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against all Defendants; attorneys' fees and costs from Defendants; and monetary, compensatory, and punitive damages from Defendants.

### FIFTH CAUSE OF ACTION
#### NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
#### UNDER NEV. REV. STAT. § 41.130
#### (BY GARY MILLER AGAINST DEFENDANT NYE COUNTY)

106.     Plaintiff repeats and re-alleges Paragraphs 1 through 105 as though fully set forth herein.

107.     Defendant Nye County owed a duty to persons such as the Plaintiff to use reasonable care in the training, supervision, and retention of their employees to make sure that their employees are fit for their positions by implementing policies and procedures designed to prevent wrongful acts by their employees, such as those committed by Defendant Tolle against Plaintiff.

108.     Defendants breached this duty by allowing Defendant Tolle to interact with members of the public and their pet dogs without adequate training on the proper use of force against pet dogs.

109.     Defendant Nye County is liable because at all relevant times, Defendant Tolle was in the employ of NCSO, which is responsible for its officers' conduct. Defendant

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

Tolle was not acting independently, committed the wrongful acts during the course of his official duties as a police officer, and such actions were reasonably foreseeable considering the nature and scope of his employment as a police officer.

110. As a result of these breaches, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against Defendant Nye County; attorneys' fees and costs from Defendant Nye County; and monetary, compensatory, and punitive damages from Defendant Nye County.

### SIXTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEV. REV. STAT. § 41.130
(BY GARY MILLER AGAINST ALL DEFENDANTS)

111. Plaintiff repeats and re-alleges Paragraphs 1 through 110 as though fully set forth herein.

112. Defendants intentionally caused Plaintiff to suffer severe emotional distress, as evidenced by their outrageous and unreasonable conduct of shooting Plaintiff's dog when no exigent circumstance existed. Defendant Tolle conducted himself with reckless disregard for inflicting emotional distress on Plaintiff.

113. Defendant Tolle intentionally caused Plaintiff to suffer severe emotional distress, as evidenced by his outrageous and unreasonable conduct of shooting Plaintiff's dog when no exigent circumstances existed, and without attempting to use less lethal forms of force.

114. Defendant Nye County is liable because Defendant Tolle was at all relevant times in the employ of Nye County and it is responsible for Defendant Tolle's conduct. Defendant Tolle was not acting independently, committed the wrongful acts during the course of his official duties as an NCSO deputy, and such actions were reasonably foreseeable where Defendant Nye County routinely sends its deputies to respond to calls for service at residences where pet dogs are present.

115. 80. As a result of this breach, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to:

declaratory relief against all Defendants; attorneys' fees and costs from all Defendants; and monetary, compensatory, and punitive damages from Defendants.

**SEVENTH CAUSE OF ACTION**

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER NEV. REV. STAT. § 41.130
(BY GARY MILLER AGAINST ALL DEFENDANTS)

116. Plaintiff repeats and re-alleges Paragraphs 1 through 115 as though fully set forth herein.

117. Defendant Tolle owed Plaintiff a duty to not shoot his pet dog when there were no exigent circumstances, and breached that duty by shooting his pet dog, Blu.

118. Defendant Tolle's breach of this duty inflicted severe, physical emotional distress upon Plaintiff Miller.

119. Defendant Nye County is liable because Defendant Tolle was at all relevant times in the employ of Defendant Nye County, and Defendant Nye County is responsible for its deputies' conduct. Defendant Tolle was not acting independently, committed the wrongful acts during the course of his official duties as an NCSO deputy, and such actions were reasonably foreseeable where Defendant Nye County routinely sends its deputies to respond to calls for service at residences where pet dogs are present.

120. As a result of this breach, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against all Defendants; attorneys' fees and costs from Defendants; and monetary, compensatory, and punitive damages from Defendants.

**EIGHTH CAUSE OF ACTION**

CONVERSION
(BY GARY MILLER AGAINST ALL DEFENDANTS)

121. Plaintiff repeats and re-alleges Paragraphs 1 through 120 as though fully set forth herein.

122. Defendant Nye County exercised the act of dominion wrongfully over Plaintiff's property, his dog Blu, when it not only removed Blu from Plaintiff's premises but also then cremated Blu's body.

123.    Defendant Nye County's act of refusing to release Blu's body and then cremating Blu's body against Plaintiff's request was in derogation of or in defiance of Plaintiff's rights to Blu's body, his property.

124.    As set forth in paragraphs 1 through 123 above, Defendant Nye County has engaged in tortious or unlawful conduct that cannot be justified or excused in law.

125.    As a result of these breaches, Plaintiff has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to: declaratory relief against Defendant Nye County; attorneys' fees and costs from Defendant Nye County; and monetary, compensatory, and punitive damages from Defendant Nye County.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

- For a trial by jury on all issues;

- For declaratory relief;

- For monetary, compensatory, and punitive damages allowable under law in an amount to which the Plaintiff is found to be entitled;

- For an additional amount to account for additional taxes Plaintiff may be called upon to pay in relation to awards made herein;

- Attorneys' fees and costs incurred herein pursuant to 42 U.S.C. § 1988 and all applicable statutory authority; and

- Entry of such other and further relief the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action.

RESPECTFULLY SUBMITTED this the 24th day of September, 2019.

*/s/ Margaret A. McLetchie*

Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com

Jennifer L. Braster, Nevada Bar No. 9982
**NAYLOR & BRASTER**
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com

*Counsel for Plaintiff, Gary Miller*