# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GARY MILLER,

    Plaintiff,

v.

NYE COUNTY, et al.,

    Defendants.

Case No. 2:19-cv-00601-JAD-DJA

**ORDER**

    Presently before the Court is Plaintiff Gary Miller's Motion to Seal (ECF No. 55), filed on March 2, 2021. To date, no response was filed by Defendants.

    Although titled a Motion to Seal, Plaintiff's Motion is more aptly titled a Motion to **Un**seal as he actually takes issue with whether the documents he filed should be sealed. Plaintiff filed a Motion for Partial Summary Judgment (ECF No. 51) and included Volume II of his Appendix of Exhibits (ECF No. 53) in support of that Motion. In Volume II of the Appendix, Plaintiff filed Exhibit Nos. 20-23 under seal on the basis that they contain confidential information that was designated as "Confidential" by Defendants pursuant to the Protective Order. These documents consist of investigative reports and files along with a notice of proposed discipline. Nevertheless, Plaintiff requests that the Court unseal these documents that Defendants designated as confidential under the Protective Order because they do not meet the compelling reason standard for maintaining them under seal.

    Defendants' failure to file points and authorities in response to the motion "constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, without any explanation – much less articulable facts – to support a compelling reason for sealing the documents, Defendants have completely failed to carry their burden of establishing that the documents should be under seal at the summary judgment stage.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.

The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Id.*, at 1101. Significantly, the fact that the Court has entered a stipulated protective order in this matter and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Court finds that the compelling reasons standard has not been met here. The fact that the information was disclosed as confidential under the Protective Order is not alone sufficient to maintain a seal under the compelling reasons standard. Further, the Court would only be relying on conjecture and speculation as to why Defendants' investigative records should be sealed at this point in the case. Plaintiff notes that the Confidential label was attached during discovery because the documents contain information related to employee discipline and/or an internal investigation. While the Court could understand that Defendants may want to protect what the internal investigation found as to Deputy Tolle's conduct on April 10, 2017 and the discipline he received as a result of that conduct during discovery, it is unable to sustain the seal on those documents at this point in the case given that the higher compelling reasons standard now applies. Without any articulable facts from Defendants the Court cannot find that the compelling reason

standard has been met and it will grant Plaintiff's Motion to the extent that Volume II, Exhibits Nos. 20-23 shall be unsealed.

IT IS THEREFORE ORDERED that Plaintiff Gary Miller's Motion to Seal (ECF No. 55) is **granted**.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal Plaintiff's Appendix Volume II, ECF No. 53.

DATED: March 25, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE