**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Gary Miller,

    Plaintiff

v.

Nye County, et al.,

    Defendants

Case No.: 2:19-cv-00601-JAD-DJA

**Order Granting Plaintiff's Motion to Retax Costs**

[ECF No. 81]

Plaintiff Gary Miller filed this civil-rights action against Nye County and one of its deputies, John Tolle, for the fatal shooting of his dog, Blu.[1] In September 2021, I granted summary judgment in favor of the defendants, finding that (1) Miller could not show that Tolle's actions violated the Fourth Amendment and Tolle was thus entitled to qualified immunity; and (2) Miller failed to show that Nye County failed to adequately train its officers to deal with pet dogs without resorting to lethal force.[2]

After judgment was entered, Nye County filed a Bill of Costs seeking $13,028.50 in fees related to obtaining transcripts, making copies, and hiring expert witnesses.[3] Miller objected to the defendants' expert costs, arguing that this district's local rules mandate that expert-witness fees are "not ordinarily allowed."[4] The Clerk of Court sustained Miller's objection and reduced defendants' costs to $4,528.50.[5] Miller now moves this court "to retax his costs downward to

---

[1] ECF No. 35 (second-amended complaint).
[2] ECF No. 72.
[3] ECF No. 74 at 1.
[4] ECF No. 75 at 4 (quoting Local Rule (L.R.) 54-11(h)).
[5] ECF No. 79 at 2.

$0.00" or, at the very least, to "reduc[e] them substantially."[6]  Because I find that imposing these costs on Miller is not warranted or just given the circumstances of this case, I grant the motion and reduce Miller's costs to $0.

## Discussion

### I. Standard for retaxing costs

Federal Rule of Civil Procedure (FRCP) 54(d)(1) states that, unless otherwise stated by rule, statute, or court order, "costs—other than attorney's fees—should be allowed to the prevailing party."[7]  Although this rule "creates a presumption in favor of awarding costs to a prevailing party, [it] vests in the district court discretion to refuse to award costs," and the court must state reasons for doing so.[8]  "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."[9]  "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis."[10]

### II. Several factors weigh in favor of declining to award costs in this case.

I find that each of the Ninth Circuit's factors weighs in favor of declining to award costs to the defendants in this case.  Miller sought to vindicate his Fourth Amendment right to be free from government seizure.  The public importance of ensuring that plaintiffs can seek compensation for the violation of that right—particularly in this case, in which the "seizure"

---

[6] ECF No. 81 at 2.
[7] Fed. R. Civ. P. 54(d)(1).
[8] *Ass'n of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).
[9] *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).
[10] *Id.* (quotations omitted).

2

involved was the killing of a pet—is clearly significant and has been repeatedly recognized by federal courts.[11]  The public interest in allowing individuals to sue for perceived abuses of police power cannot be understated, and I find that this factor weighs against taxing costs on Miller.

And though I granted summary judgment in the defendants' favor, this was a close case. The qualified-immunity analysis in Fourth Amendment cases is particularly fact-specific and difficult for courts to undertake.  This case was no exception.  Miller was able to cite to numerous cases in this circuit in which law enforcement was held liable for the unconstitutional killing of a pet dog in circumstances similar to—albeit ultimately distinguishable from—the facts of his case.[12]  And I find that permitting these costs would have a chilling effect on civil-rights litigants seeking to vindicate their rights in potentially meritorious suits.[13]

I also find that Miller's limited financial resources and the economic disparity between the parties weighs against awarding costs.  Miller attaches a tax form and an affidavit showing that he earned approximately $10,000 in 2020.[14]  Defendants respond that he needs to show indigence to have this factor count in his favor, imply that Miller should have taken their settlement offer if he was financially unable to incur costs, and argue—without citing any

---

[11] *See, e.g.*, *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005) ("[t]he emotional attachment to a family's dog is not comparable to a possessory interest in furniture"); *Carroll v. Cnty. of Monroe*, 712 F.3d 649, 651 (2d. Cir. 2013) (finding that shooting a dog is "a severe intrusion given the emotional attachment between dog and owner").

[12] *See Hells Angels*, 402 F.3d at 978; *Thurston v. City of N. Las Vegas Police Dep't*, 552 F. App'x 640, 642 (9th Cir. 2014); *Hardan v. Nye Cnty.*, 2017 WL 4349228 (D. Nev. Sept. 28, 2017).

[13] *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (noting that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area. . . .  Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*.").

[14] ECF No. 81-2; ECF No. 81-3 at 2.

evidence in support—that Miller recently sold businesses and real estate and thus may have assets he did not disclose to the court.[15] But indigence is not required for a plaintiff's limited financial resources to warrant re-taxing costs.[16] And I will not consider unsupported statements about Miller's financial status, nor will I blame Miller for choosing not to accept a settlement offer that he believed was insufficient to compensate him for his loss. Miller has shown that awarding $4,528.50—amounting to nearly half of his 2020 income—would impose a financial hardship on him. And the economic disparities between a county government and an individual residing in that county are obvious; when considered among the other factors, they weigh in favor of declining to award costs.

Finally, I must address defense counsel's rhetoric throughout this costs dispute. Counsel repeatedly implies that the lawsuit was brought in bad faith based on the sole fact that Miller lost at the summary-judgment stage and accuses Miller of being "greedy" when he rejected a settlement offer and engaged in "worthless discovery in hopes of shaking down the defendants."[17] None of those accusations are borne out by the record. While Miller lost at summary judgment, there is no indication that this was a frivolous lawsuit or that it was brought in bad faith. A plaintiff is not "greedy" for rejecting a settlement offer that falls well below judgments in similar cases.[18] And there is no indication that Miller's discovery efforts were made to harass or incur unnecessary costs—the docket contains no mention of discovery disputes or sanctionable conduct, and defendants do not cite a single instance of discovery abuse to

---

[15] ECF No. 82 at 6.

[16] *See Ass'n of Mexican-American Educ.*, 231 F.3d at 593 (affirming district court's refusal to award costs in case in which the plaintiffs were a "group of individuals and nonprofit organizations" with "limited resources").

[17] ECF No. 82 at 5.

[18] *See* ECF No. 83 at 4–5 (compiling settlement amounts in similar cases).

4

support their statements. Nye County's unfounded ad hominem accusations in this case are not well taken, and counsel is advised to refrain from engaging in such hyperbole in the future because it does not help the court resolve disputes.

## Conclusion

**IT IS THEREFORE ORDERED** that Miller's motion to retax costs **[ECF No. 81] is GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' costs be retaxed at $0.00.

_____
U.S. District Judge Jennifer A. Dorsey
August 3, 2022